FILED

1  **GARY A. HECKER, ESQ. (State Bar No. 099008)**
   **THE HECKER LAW GROUP**
2  1925 Century Park East, Suite 2300
   Los Angeles, California 90067
3  Telephone: (310) 286-0377
   Facsimile: (310) 286-0488
4  Email: ghecker@hh.com

5  Attorneys for Plaintiffs
   **Ray Liotta and**
6  **Punky, Inc.**

7

8                    **UNITED STATES DISTRICT COURT**

9               **CENTRAL DISTRICT OF CALIFORNIA**

                                    CV14-1632 CAS (AJWx

10 | RAY LIOTTA, an individual; and | Civil Action No.
11 | PUNKY, INC., a California |
      Corporation, | COMPLAINT FOR:
12 |
13 |                    Plaintiffs, |
                                     | 1. VIOLATION OF THE LANHAM ACT;
14 |        vs. |     15 U.S.C. § 1125(a) (UNFAIR
                     |     COMPETITION)
15 | NERIUM INTERNATIONAL, |
      LLC, a Texas Limited Liability | 2. VIOLATION OF THE CALIFORNIA
16   Company; individuals |     COMMON LAW RIGHT OF
      MICHAEL SHOUHED; |     PUBLICITY
17 | KELLY HEFFERNAN; JUDITH |
      PEREZ; SHERI VARESZADEH; | 3. VIOLATION OF THE CALIFORNIA
18 | JACKIE BRANN; NELSON |     STATUTORY RIGHT OF PUBLICITY;
      BRANN; VICTORIA ROWE; |     CIVIL CODE § 3344
19 | KIMBERLY FELICE; |
      MICHELLE MANIRE; and DOES | *DEMAND FOR JURY TRIAL*
20   1–10, |
21 |                    Defendants. |

22

23

24

25

26

27

28

*THE HECKER LAW GROUP*
*1925 Century Park East, Suite 2300*
*Los Angeles, California 90067*

1

Plaintiffs Ray Liotta and Punky, Inc. by and through their attorney Gary Hecker, Esq. of The Hecker Law Group, hereby allege as follows:

## THE PARTIES

1.    Plaintiff Ray Liotta is an individual and a resident of Los Angeles County, California.

2.    Plaintiff Punky, Inc. is a California Corporation with a place of business located at 450 N. Roxbury Drive, Beverly Hills, CA 90210.

3.    Defendant Nerium International, LLC ("Nerium") is a Texas limited liability company that does business in this judicial district with a place of business located at 4004 Belt Line Road, Suite 112, Addison, TX 75001.

4.    Defendant Michael Shouhed ("Shouhed") is an individual and a resident of Los Angeles County, California.

5.    Defendant Kelly Heffernan ("Heffernan") is an individual and a resident of Los Angeles County, California.

6.    Defendant Judith Perez ("Perez") is an individual and a resident of Los Angeles County, California.

7.    Defendant Sheri Vareszadeh ("Vareszadeh") is an individual and a resident of Los Angeles County, California.

8.    Defendants Jackie Brann and Nelson Brann ("The Branns") are individuals and a residents of Los Angeles County, California.

9.    Defendant Victoria Rowe ("Rowe") is an individual and a resident of Los Angeles County, California.

10.    Defendant Kimberly Felice ("Felice") is an individual and a resident of Los Angeles County, California.

11.    Defendant Michelle Manire ("Manire") is an individual and a resident of Los Angeles County, California.

12.    Plaintiffs are currently unaware of the true names and capacities of DOES 1 through 10, inclusive, and therefore sue them by those fictitious names.

THE HECKER LAW GROUP
1925 Century Park East, Suite 2300
Los Angeles, California 90067

Plaintiffs will amend this Complaint to allege their true names and capacities when they are ascertained.

13.     Plaintiffs are informed and believe that Defendants, and each of them, were and are, the agents, alter-egos, principals, employees, employers, joint-venturers, customers, licensees, co-conspirators, owners, partners, and/or employers of the other Defendants; and each of them were and are acting within the course and scope of such agency, alter-ego, employ, partnership, joint venture, license, conspiracy, and/or ownership at all times referenced herein, and/or otherwise were and are affiliated with one another and/or are a single enterprise, so as to be liable in such capacity for the acts alleged herein.

14.     Plaintiffs are informed and believe and based thereon allege that the acts and conduct alleged herein of each of the Defendants were known to, authorized by, and/or ratified, sanctioned and/or approved by the other Defendants, and each of them.

## JURISDICTION & VENUE

15.     This is an action for, *inter alia*, violation of 15 U.S.C. § 1125(a) and violation of the California common law and statutory right of publicity.

16.     This Court has subject matter jurisdiction over the federal cause of action pursuant to 28 U.S.C. § 1331.  This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

17.     Venue for this action is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) in that the acts alleged against Plaintiffs occurred in this judicial district.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF
### Plaintiff Ray Liotta

18.     Ray Liotta ("Liotta") is an internationally known film and television actor.  Liotta has appeared in more than sixty feature films spanning more than three decades and is one of the most well-respected and recognized actors in American cinema.

THE HECKER LAW GROUP
1925 Century Park East, Suite 2300
Los Angeles, California 90067

3

THE HECKER LAW GROUP
1925 Century Park East, Suite 2300
Los Angeles, California 90067

19.     Liotta is widely known for, among other things, his roles in the iconic Academy Award® nominated films *GoodFellas* (for his portrayal of real-life mobster Henry Hill) and *Field of Dreams* (for his portrayal of the ghost of baseball player "Shoeless" Joe Jackson).

20.     Liotta has played a diverse variety of roles appealing to a broad range of audiences, including comedy (*e.g. Muppets from Space, Wild Hogs, Date Night*, and *Wanderlust*); intense drama (*e.g. Unlawful Entry*, *A Place Beyond the Pines* and *Identity*); romantic comedy (*e.g. Corrina Corrina*); action/adventure (*e.g. No Escape*); drama (*e.g. Dominick and Eugene*); popular video game characters (e.g. *Black Ops 3: Uprising* and *Grand Theft Auto*); and animated features (*e.g. Bee Movie*).

21.     Liotta has appeared as a guest on dozens of television shows, including Late Night With David Letterman, The Tonight Show with Jay Leno, Late Night with Jimmy Fallon, Jimmy Kimmel Live!, The Daily Show, Late Night With Conan O'Brien, Charlie Rose, and as guest host on Saturday Night Live!

22.     Liotta often receives critical acclaim and industry recognition for his work.  For example, he received an Emmy® Award for his guest role on the top-rated television series ER, a Golden Globe® nomination for his performance in Jonathan Demme's *Something Wild,* a Screen Actor's Guild award nomination for his portrayal of Frank Sinatra in *The Rat Pack*, and an Independent Spirit Award for his performance in *Narc*.

23.     Liotta has invested substantial time, energy, effort and expense in developing and achieving his considerable professional and commercial success and in developing his popularity, fame and prominence in the public eye.

24.     Liotta's name, likeness, image, identity and persona have come to be associated in the minds of the consuming public with the services, including entertainment and performance services, and products that Liotta endorses.

25.     Liotta's name, likeness, image, identity and persona have become widely known by a substantial segment of the public in the United States and throughout the

world, and thereby have become, and are, valuable commercial assets that symbolize Liotta and the level of quality associated with services and products he endorses, and with the goodwill that is associated with them.

26.    Liotta's name, likeness, image, identity and persona are recognized worldwide as famous and distinctive and are identified by the purchasing public as associated with Plaintiffs.

27.    Liotta has received substantial financial offers requesting permission for, and seeking the use of, his name, likeness, image, identity and persona for endorsing, marketing and promoting products and entertainment services and performances.

28.    Liotta, alone and/or by and through or in conjunction with his loan out company Plaintiff Punky, Inc., has selectively endorsed certain products.

29.    Plaintiffs maintain strict control over the manner in which Liotta's name, likeness, identity and persona are used.  Plaintiffs exercise careful consideration in selecting and approving products, services or performances that they will permit to license or use Liotta's name, likeness, identity or persona.  Plaintiffs restrict such use and licensing to products, services and performances that are of acceptably quality to Plaintiffs, and for which compensation is commensurate with the exploitation and value thereof.

## DEFENDANTS' WRONGFUL CONDUCT

30.    Defendant Nerium is a self-described multilevel marketing company that sells its products to, and through, individuals and entities referred to as, *inter alia*, "Nerium Brand Partners" ("Nerium Partners").

31.    On information and belief, Defendant Nerium generates revenue using a product-based pyramid scheme.  Nerium sells its products to Nerium Partners who recruit multiple, new Nerium Partners.  They, in turn, purchase Nerium products and recruit yet more Nerium Partners in an ever-growing pyramid.

THE HECKER LAW GROUP
1925 Century Park East, Suite 2300
Los Angeles, California 90067

THE HECKER LAW GROUP
1925 Century Park East, Suite 2300
Los Angeles, California 90067

32.     Nerium uses the lure of potential future bonuses, commissions, prizes (like iPads and Lexus cars) and "limitless opportunities" to motivate active participation of Nerium Partners.

33.     Defendants Shouhed, Heffernan, Perez, Vareszadeh, The Branns, Rowe, Felice and Manire (collectively, the "Defendant Nerium Partners") are each a Nerium Partner.

34.     Defendant Nerium sells a skin care product in the form of a skin cream named "Nerium AD".

35.     Nerium claims the key active ingredient in Nerium AD is an extract of the *Nerium Oleander* plant ("oleander").

36.     Nerium claims oleander possesses "remarkable properties" for improving the appearance of damaged skin and that it produces "remarkable age-defying results when applied to the skin."

37.     Nerium purports to have "stumbled upon" those properties in a "true accidental discovery" and then scientifically "harnessed the power of oleander" in Nerium AD skin cream.

38.     Nerium claims that the use of Nerium AD skin cream produces dramatic improvements in the look of a person's skin, and that it is "proven" to dramatically reduce the appearance of wrinkles, skin discoloration, poor skin texture, poor skin tone, enlarged pores and aging loose skin.

39.     Nerium markets Nerium AD as purportedly being backed by "Real Science" and as producing "Real Results."

40.     Nerium claims the purported results achieved by using Nerium AD are "based on proven science and actual customer success."

41.     On information and belief, Nerium's principle marketing strategy is to present "before and after" photographs showing purported dramatic results achieved by people who have allegedly used Nerium AD skin cream.

THE HECKER LAW GROUP
1925 Century Park East, Suite 2300
Los Angeles, California 90067

42.     On information and belief, Nerium, by and through its agents, provides those "before-and-after" photographs and related marketing materials to Nerium Partners for marketing, *inter alia,* on web sites and social networking platforms such as Facebook, Twitter, Pinterest, Instagram, Google+ and others.

43.     On information and belief, the purported "real results" and "actual customer success" of using Nerium AD shown in those "before and after" photographs are fabricated – that is, they are not real results.

44.     On information and belief, Nerium's claims of dramatic skin improvements achieved by using Nerium AD skin cream have not been validated or confirmed by any recognized or peer reviewed scientific studies.

45.     On information and belief, Nerium uses "before and after" photos with fabricated results to fraudulently induce consumers to purchase Nerium AD skin cream and to entice them to become Nerium Partners.

46.     On information and belief, Defendant Nerium and the Defendant Nerium Partners, themselves and/or by and through their respective agents, have used, and continue to use Ray Liotta's name, likeness, image, identity and persona to advertise, market and promote the sale of Nerium AD and to recruit new Nerium Partners, for Defendants' commercial benefit and gain.

47.     On information and belief, in or about October 2013, as part of its Nerium AD marketing campaign, Nerium, by and through its agents, distributed photographs and related materials that identify, name, and/or describe, and purport to show Plaintiff Ray Liotta "before-and-after" using Nerium AD skin cream.

48.     A copy of a two photographs claimed by Defendant Nerium to be photographs of Liotta "before-and-after" using Nerium AD over a 30 day period ("Liotta Photographs") are attached as Exhibit 1.

49.     On information and belief, the Liotta Photographs and related materials were provided by, through, and/or on behalf of Defendant Nerium to Nerium Partners, including to the Defendant Nerium Partners, for use by Defendants to promote the sale

of Nerium AD and to facilitate the recruitment of new Nerium Partners, all for Defendants' commercial gain.

50.    On or about October 24, 2013 defendant Shouhed posted the Liotta Photographs on Shouhed's Facebook page, exclaiming "*Hollywood star Ray Liotta's results after using Nerium for 30 days! #nerium #realresults. www.skincarestud.com.*" A copy of Shouhed's October 24, 2013 Facebook posting is attached as Exhibit 2.

51.    On or about October 24, 2013 defendant Heffernan, who also uses the business name "Greatskin-n.com," posted the Liotta Photographs on Heffernan's Facebook page, stating: "*Celebrity Ray Liotta's results after using Nerium for 30 days.*" A copy of Heffernan's October 24, 2013 Facebook posting is attached as Exhibit 3.

52.    In or about October 2013, defendant Perez posted the Liotta Photographs received from Nerium on the Pinterest social networking website.  A copy of the photograph Perez pinned on the Pinterest website is attached as Exhibit 4.

53.    On or about December 17, 2013, defendant Vareszadeh posted the Liotta Photographs on Vareszadeh's Facebook page, stating "*For more information about Nerium Age-Defying Crème contact me through my website at www.sherivareszadeh.nerium.com to get your $30 preferred customer discount. Check out actor Ray Liotta.*" A copy of Vareszadeh's December 17, 2013 Facebook posting is attached as Exhibit 5.

54.    On or about November 2, 2013, defendants The Branns posted the Liotta Photographs on The Branns' Facebook page, stating "*Ray Liotta from Goodfellas after using NeriumAD for 30 days!  30 day money back guarantee if you don't see result in one month*." A copy of The Branns' November 2, 2013 Facebook posting is attached as Exhibit 6.

55.    On or about December 3, 2013, defendant Rowe posted the Liotta Photographs on Rowe's Wordpress blog "Victoria Rowe's Hollywood Makeup Tips", stating "*I know I know, too good to be true? That's what I thought until I tried Nerium*

*AD over a month ago. Now people are asking me what I did to my skin and telling me how great my face looks! I was working on a movie this summer and when it was over a friend showed me these before and after pics of actor RAY LIOTTA:*"  A copy of Rowe's December 3, 2013 Wordpress posting is attached as Exhibit 7.

56.    On or about December 17, 2013, defendant Felice posted the Liotta Photographs on Felice's Twitter page, stating "*OMG! Ray Liotta's Before & After Pics.*"  A copy of Felice's December 17, 2013 Twitter posting is attached as Exhibit 8.

57.    On or about October 27, 2013, defendant Manire posted the Liotta Photographs on Manire's Google+ page, stating "*Ray Liotta loves #Nerium.*"  A copy of Manire's October 27, 2013 Google+ posting is attached as Exhibit 9.

58.    Upon information and belief, Defendant Nerium intentionally induced Defendant Nerium Partners to engage in the unlawful acts alleged herein, and itself participated in such unlawful acts.

59.    Liotta has never used Nerium AD.

60.    Liotta has never had any association, affiliation or relationship with Nerium AD, Defendant Nerium, Defendant Nerium Partners, or any agents or affiliates of Defendants.

61.    Prior to Plaintiffs learning of Defendants' intentional, willful and malicious wrongful conduct alleged herein, Liotta had never heard of, or known of, Nerium, Nerium Partners or Nerium AD skin cream.

62.    Defendants' claims that Ray Liotta has used Nerium AD skin cream are completely fabricated, contrived and utterly false.

63.    Defendants' use of words and/or photographs that purport to show and describe results of Liotta's alleged use of Nerium AD, in fact show and describe alleged use and results that are completely fabricated, contrived and utterly false.

64.    The written descriptions and/or photographs distributed by Defendants to identify, describe and/or characterize the use of, and results achieved by use of

THE HECKER LAW GROUP
1925 Century Park East, Suite 2300
Los Angeles, California 90067

9

Nerium AD by Liotta, in fact show, describe and characterize use and results that are completely fabricated, contrived and utterly false.

65.     Plaintiffs did not authorize Defendant Nerium or Defendant Nerium Partners to use Liotta's name, likeness, image, identity or persona to market, advertise or promote any product or service or other commercial activity of Nerium, or for any purpose whatsoever.

66.     Had Plaintiffs been contacted by Defendants to request that Liotta use Nerium AD, or to request that Liotta endorse, advertise, promote, or approve of Nerium AD (which they were not), Plaintiffs would have flatly refused.

67.     Had Plaintiffs been asked to permit Defendants to present a comparison of Liotta's skin "before and after" using Nerium AD to endorse, advertise, promote, or approve Nerium AD or for any other purpose whatsoever (which they were not) Plaintiffs would have flatly refused.

68.     On information and belief, Ray Liotta's name, likeness, image, identity and persona continue to be used by Defendants, by themselves and/or by and through their respective agents, in advertising, marketing and promotional media for commercial purposes, including on Facebook, Twitter, Google+, Wordpress, Instagram and Pinterest.

69.     The use of the Liotta's name, likeness, image, identity and persona, including the use of the Liotta Photographs and related materials by Defendants, falsely represents that Liotta sponsors, endorses, or is associated with Defendants and uses Nerium AD or other Nerium products.

70.     Plaintiffs did not authorize Defendants, or any of them, to use Liotta's name, likeness, image, identity or persona in connection with marketing Nerium's products or for any purpose whatsoever.

71.     Plaintiffs were not contacted by Defendants to seek or to obtain their permission, nor were Plaintiffs compensated by Defendants, for the use of Liotta's name, likeness, image, identity and persona.

THE HECKER LAW GROUP
1925 Century Park East, Suite 2300
Los Angeles, California 90067

72.     Nerium states that it does not pay celebrities to endorse its products, thereby admitting that any purported endorsement of Nerium AD by Liotta was not and is not compensated by Defendants, and further exaggerates and exacerbates Defendants' intentionally false and wholly fabricated claim that Ray Liotta used or endorsed Nerium AD.

73.     The use of Liotta's name, likeness, image, identity and persona by Defendants was, and is, in conscious disregard of Plaintiffs' right of privacy and publicity, and of their exclusive right to control the use and exploitation of Liotta's name, likeness, image, identity and persona.

74.     The aforementioned misappropriation and use of Liotta's name, likeness, image, identity and persona by Defendants was, and is, intentional, willful and malicious.

75.     Defendants' misappropriation and use of Liotta's name, likeness, image, identity and persona was purposefully designed and intended to confuse, to cause mistake, and to deceive the public into believing that Liotta has used Nerium's products when he has not, and/or that Ray Liotta sponsors, endorses, sanctions, likes, or is associated with Nerium's products, when he is not and does not.

76.     Defendants have created a likelihood of confusion in the minds of the consuming public as to the source, sponsorship, endorsement, or association of Liotta with Defendants, and with their business, goods, services, advertisements, promotions marketing and other commercial activities.

77.     Defendants have profited, and will continue to profit, from their unlawful and intentional misappropriation and use of Liotta's name, likeness, image, identity and persona.

## FIRST CLAIM FOR RELIEF

## (Violation of the Lanham Act 15 USC § 1125(a); Unfair Competition/False Association)

78.    Plaintiffs incorporate by reference the allegations of paragraphs 1 through 77 as though fully set forth herein.

79.    In doing the acts alleged herein, Defendants have engaged in commercial activity that is likely to cause confusion and/or to mislead consumers into believing that Liotta has endorsed, sponsored, or otherwise approved of Defendants' products, services, companies, advertisements or other commercial activity of Defendants.

80.    In doing the acts set forth herein, Defendants have created a false association between Plaintiffs and the products, services and companies of Defendants, and a false designation of origin as to the Defendants' products, product performance and product results, services, and/or companies, that are advertised, promoted and marketed by Defendants.

81.    Defendants' acts as set forth herein have, in fact, actually misled and confused consumers, and continue to mislead and confuse consumers, by, *inter alia*, willfully and intentionally creating a false impression that Defendants' products, services and/or companies are or were sponsored, endorsed, approved, liked, verified, affiliated or associated with, Plaintiffs.

82.    Defendants' conduct constitutes a willful violation of 15 U.S.C. § 1125(a).

83.    As a result of Defendants' actions, Plaintiffs have suffered, and will continue to suffer, damages in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF

## (Violation of the California Common Law Right of Publicity)

84.    Plaintiffs incorporate by reference the allegations of paragraphs 1 through 77 as though fully set forth herein.

THE HECKER LAW GROUP
1925 Century Park East, Suite 2300
Los Angeles, California 90067

85.     In doing the acts alleged herein, Defendants have used for commercial purposes Liotta's name, likeness, image, identity and persona without Plaintiffs' consent.

86.     The commercial use and misappropriation of Liotta's name, likeness, image, identity and persona is a violation of the California common law right of privacy, which includes the right of publicity.

87.     As a proximate result of Defendants' acts alleged herein, Plaintiffs have suffered and will continue to suffer damages in an amount to be proven at trial.

### THIRD CLAIM FOR RELIEF

### (Violation of the California Statutory Right of Publicity; Civil Code § 3344)

88.     Plaintiffs incorporate by reference paragraphs 1 through 77 as though fully set forth herein.

89.     In doing the acts alleged herein, Defendants have intentionally, knowingly, willfully, and unlawfully used and misappropriated Liotta's name and likeness for their own commercial purposes, including for marketing Nerium AD and for recruiting new Nerium Partners.

90.     Defendants' misappropriation of Liotta's name and likeness for their own commercial purposes is a violation of California Civil Code § 3344.

91.     As a result of Defendants' actions, Plaintiffs have suffered, and will continue to suffer, damages in an amount to be proven at trial.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request entry of judgment against Defendants, and each of them, including relief as follows:

1.     A preliminary and permanent injunction requiring Defendants and their agents, servants, and employees, and all other persons with whom they are acting in concert, to refrain from using Liotta's name, likeness, image, identity, or persona in connection with any commercial activities of Defendants, including the advertising,

THE HECKER LAW GROUP
1925 Century Park East, Suite 2300
Los Angeles, California 90067

1  marketing, or promotion of Defendants' products, services or other commercial

2  activity;

3      2.    Damages against Defendants in an amount to be determined at trial;

4      3.    Disgorgement of Defendants' profits;

5      4.    Compensatory damages, consequential damages and/or lost profits;

6      5.    Exemplary, enhanced and punitive damages;

7      6.    An award of attorney's fees and costs;

8      7.    Prejudgment interest; and

9      8.    Such other relief as the Court deems just and proper.

10

11          Respectfully submitted,

12  DATED:  March 5, 2014    **THE HECKER LAW GROUP**

13

14      By: _____

15      **Gary A. Hecker, Esq.**
    **THE HECKER LAW GROUP**

16      1925 Century Park East, Suite 2300
    Los Angeles, California 90067

17      Telephone:  (310) 286-0377
    Facsimile:  (310) 286-0488

18      Attorneys for Plaintiffs

19      RAY LIOTTA AND
    PUNKY, INC.

20

21

22

23

24

25

26

27

28

THE HECKER LAW GROUP
1925 Century Park East, Suite 2300
Los Angeles, California 90067

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a jury trial.

Respectfully submitted,

DATED:  March 5, 2014

**THE HECKER LAW GROUP**

By: _____

Gary A. Hecker, Esq.
**THE HECKER LAW GROUP**
1925 Century Park East, Suite 2300
Los Angeles, California 90067
Telephone:   (310) 286-0377
Facsimile:    (310) 286-0488

Attorneys for Plaintiffs
RAY LIOTTA AND
PUNKY, INC.

THE HECKER LAW GROUP
1925 Century Park East, Suite 2300
Los Angeles, California 90067

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

THE HECKER LAW GROUP
1925 Century Park East, Suite 2300
Los Angeles, California 90067

# **Exhibit 1**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

THE HECKER LAW GROUP
1925 Century Park East, Suite 2300
Los Angeles, California 90067



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

THE HECKER LAW GROUP
1925 Century Park East, Suite 2300
Los Angeles, California 90067

# **Exhibit 2**

1
2
3
4
5
6
7
8

THE HECKER LAW GROUP
1925 Century Park East, Suite 2300
Los Angeles, California 90067

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

THE HECKER LAW GROUP
1925 Century Park East, Suite 2300
Los Angeles, California 90067

# **<u>Exhibit 3</u>**

THE HECKER LAW GROUP
1925 Century Park East, Suite 2300
Los Angeles, California 90067

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

THE HECKER LAW GROUP
1925 Century Park East, Suite 2300
Los Angeles, California 90067

# **<u>Exhibit 4</u>**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

THE HECKER LAW GROUP
1925 Century Park East, Suite 2300
Los Angeles, California 90067



Pinned by **Judith Perez**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

THE HECKER LAW GROUP
1925 Century Park East, Suite 2300
Los Angeles, California 90067

# **<u>Exhibit 5</u>**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

THE HECKER LAW GROUP
1925 Century Park East, Suite 2300
Los Angeles, California 90067



25

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

THE HECKER LAW GROUP
1925 Century Park East, Suite 2300
Los Angeles, California 90067

# **<u>Exhibit 6</u>**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

THE HECKER LAW GROUP
1925 Century Park East, Suite 2300
Los Angeles, California 90067



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

THE HECKER LAW GROUP
1925 Century Park East, Suite 2300
Los Angeles, California 90067

# **Exhibit 7**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

THE HECKER LAW GROUP
1925 Century Park East, Suite 2300
Los Angeles, California 90067

I know I know, too good to be true? That's what I thought until I tried Nerium AD over a month ago. Now people are asking me what I did to my skin and telling me how great my face looks!

I was working on a movie this summer and when it was over a friend showed me these before and after pics of actor RAY LIOTTA:



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

THE HECKER LAW GROUP
1925 Century Park East, Suite 2300
Los Angeles, California 90067

# **Exhibit 8**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THE HECKER LAW GROUP
1925 Century Park East, Suite 2300
Los Angeles, California 90067



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

THE HECKER LAW GROUP
1925 Century Park East, Suite 2300
Los Angeles, California 90067

# **<u>Exhibit 9</u>**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

THE HECKER LAW GROUP
1925 Century Park East, Suite 2300
Los Angeles, California 90067



# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____ Christina A. Snyder _____ and the assigned Magistrate Judge is _____ Andrew J. Wistrich _____ .

The case number on all documents filed with the Court should read as follows:

## CV14-1632-CAS(AJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

March 5, 2014
_____
Date

By  C. Sawyer
_____
Deputy Clerk

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| ☒ Western Division | ☐ Southern Division | ☐ Eastern Division |
|---|---|---|
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Central District of California

| | |
|---|---|
| RAY LIOTTA and PUNKY, INC. *an individual; and PUNKY, INC., a California Corporation* <br><br> _____ <br> *Plaintiff(s)* <br> v. <br> NERIUM INTERNATIONAL, LLC, a Texas Limited Liability Company; individuals MICHAEL SHOUHED; KELLY HEFFERNAN; JUDITH PEREZ; SHERI VARESZADEH; JACKIE BRANN; NELSON BRANN; VICTORIA ROWE; KIMBERLY FELICE; MICHELLE MANIRE; and DOES 1-10 <br> _____ <br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> **CV14-1632** *CAS (AJWx)* <br> Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:     GARY A. HECKER
THE HECKER LAW GROUP
1925 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CALIFORNIA 90067

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date:     03/05/2014                                        _____
                                                          *Signature of Clerk or Deputy Clerk*

1149

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| RAY LIOTTA and PUNKY, INC. | NERIUM INTERNATIONAL, LLC, a Texas Limited Liability Company; individuals MICHAEL SHOUHED; KELLY HEFFERNAN; JUDITH PEREZ; SHERI VARESZADEH; JACKIE BRANN; NELSON BRANN; VICTORIA ROWE; KIMBERLY FELICE; MICHELLE MANIRE; and DOES 1-10 |

| (b) County of Residence of First Listed Plaintiff   LOS ANGELES | County of Residence of First Listed Defendant _____ |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |

| (c) Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. | Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. |
|---|---|
| GARY A. HECKER, THE HECKER LAW GROUP, 1925 CENTURY PARK EAST, SUITE 2300, LOS ANGELES, CALIFORNIA 90067 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violation of the Lanham Act, 15 U.S.C. § 1125(a); Unfair Competition

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☒ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

| FOR OFFICE USE ONLY: | Case Number: | CV14-1632 |
|---|---|---|
| CV-71 (11/13) | CIVIL COVER SHEET | Page 1 of 3 |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes  ☒ No | ☐ Los Angeles | Western |
| If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| ☐ Yes  ☒ No | A PLAINTIFF?<br>Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT?<br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims?<br>(Make only one selection per row) | A.<br>Los Angeles County | B.<br>Ventura, Santa Barbara, or San Luis Obispo Counties | C.<br>Orange County | D.<br>Riverside or San Bernardino Counties | E.<br>Outside the Central District of California | F.<br>Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

**C.1. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | WESTERN |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court** and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed in **this court** that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** _____   DATE: March 5, 2014

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |