UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:14-cv-01632-CAS(AJWx) | Date | August 11, 2014 |
|---|---|---|---|
| Title | RAY LIOTTA ET AL. V. NERIUM INTERNATIONAL LLC ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants | |
| James Slominski | Edward Rullenberg | |
| | Jeffrey Daar | |

**Proceedings:** DEFENDANT KELLY HEFFERNAN'S MOTION TO SET ASIDE DEFAULT (Dkt. 23, filed July 11, 2014)

## I. INTRODUCTION & BACKGROUND

On March 5, 2014, plaintiffs Ray Liotta and Punky, Inc. (collectively, "Liotta") filed this action against defendant Nerium International, LLC ("Nerium") and eight individual defendants, including Kelly Heffernan. Plaintiffs assert claims for (1) violation of the Lanham Act, 15 U.S.C. § 1125(a), (2) violation of the California common law right of publicity, and (3) violation of the California Statutory Right of Publicity, Cal. Civil Code § 3344. Dkt. 1. Plaintiffs allege that Nerium is a multilevel marketing company selling a skin care product called "Nerium AD" with the assistance of individuals referred to as "Nerium Brand Partners." Compl. ¶¶ 30-34. Plaintiffs allege that defendant Nerium misappropriated photographs of Liotta, distributing them to Nerium Brand Partners, in order to promote sales of Nerium AD. Compl. ¶¶ 46-47 Plaintiffs further allege that defendant Heffernan, a Nerium Brand Partner, posted Liotta's photographs on her Facebook page to promote sales of Nerium AD. Compl. ¶ 51.

In March 2014, plaintiffs' counsel contacted Heffernan and requested that she execute a Waiver of Service. Heffernan Decl. ¶ 5. Heffernan agreed, and on April 8, 2014, she executed the Waiver. Heffernan Decl. ¶ 11. At that time, Heffernan was not represented by legal counsel and based on her conversation with plaintiffs' counsel, erroneously believed that signing the Waiver excused her from responding to the complaint. Heffernan Decl. ¶ 12. Without notifying Heffernan of their intention to request an entry of default against her,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:14-cv-01632-CAS(AJWx) | Date | August 11, 2014 |
|---|---|---|---|
| Title | RAY LIOTTA ET AL. V. NERIUM INTERNATIONAL LLC ET AL. | | |

Heffernan Decl. ¶ 14, plaintiffs' counsel requested entry of default on June 4, 2014. Dkt. 13. On June 9, 2014, the Clerk of the Court entered default against defendant Heffernan. Dkt. 14. On July 11, 2014, Heffernan moved to set aside this default and also presented a Proposed Answer. Dkt. 23. On July 21, 2014, Liotta filed an opposition to this motion and requested that the Court reject the Proposed Answer or, in the alternative, strike Heffernan's affirmative defenses. Dkt. 25. In addition, should the Court vacate the default, Liotta requests attorneys' fees for costs incurred to date. Id. On July 28, 2014, Heffernan replied. Dkt. 26. The Court held a hearing on August 11, 2014. After considering the parties' arguments, the Court finds and concludes as follows.

## II. ANALYSIS

### A. Motion to Set Aside the Default

The Court begins with Heffernan's motion to set aside the default. Pursuant to Fed. R. Civ. P. 55(c), a court may set aside an entry of default "for good cause." The Court considers three factors when evaluating whether "good cause" exists: (1) whether defendant's culpable conduct led to the default; (2) whether defendant has a meritorious defense; (3) whether reopening the default judgment would prejudice plaintiff. TCI Group Life Insurance Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2000) (noting that courts use the same factors to assess "good cause" under Fed. R. Civ. P. 55(c) as for reviewing default judgments under Fed. R. Civ. P. 60(b)).

As a general rule, cases should be decided on the merits as opposed to by default, and therefore "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." Judge William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 6:11 (The Rutter Group 2009) (citing Pena v. Seguros La Comercial, S.A. 770 F.2d 811, 814 (9th Cir. 1985)). As such, the Court has broad discretion to overturn an entry of default. Mendoza v. Wight Vineyard Management, 783 F.2d 941, 945-46 (9th Cir. 1986). This discretion is "more liberally applied" where a defendant seeks to set aside an entry of default pursuant to Rule 55(c) rather than a default judgment pursuant to Rule 60(b). United States v. Signed Pers. Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091, n.1 (9th Cir. 2010). Moreover, the rules governing motions to set aside defaults "are solicitous towards movants, especially those whose actions leading to the default were taken without the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:14-cv-01632-CAS(AJWx) | Date | August 11, 2014 |
|---|---|---|---|
| Title | RAY LIOTTA ET AL. V. NERIUM INTERNATIONAL LLC ET AL. | | |

benefit of legal representation." Id. at 1089. Nonetheless, the defaulting party carries the burden to demonstrate that the default should be set aside. TCI Group Life Ins. Plan, 244 F.3d at 696.

Here, the Court finds that all three factors support vacating the default. First, it appears that the default was not the result of Heffernan's culpable conduct. Although Heffernan did not respond to plaintiffs' complaint, she was not represented by counsel when she agreed to waive service and did not understand her responsibility to respond to the complaint. Merely choosing not to respond to a complaint does not render a defendant's conduct culpable. TCI Group Life Ins. Plan, 244 F.3d at 697. Rather, the defendant's failure to respond must be "willful, deliberate, or evidence of bad faith." Id. Where a defendant presents a "good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process," failure to respond does not, on its own, amount to culpable conduct. Id. Plaintiffs argue that, because the language of the Waiver provided Heffernan with actual and constructive notice of her duty to respond, her failure to do so was unreasonable and thus culpable. The Court finds this argument unpersuasive. Heffernan did not have legal representation at the time she signed the Waiver, and her failure to respond appears to be the result of her lack of familiarity with the legal system. Because Heffernan's failure to respond did not evidence any intent to take advantage of plaintiffs or to otherwise manipulate the legal process, the Court finds that Heffernan did not act culpably.

Second, Heffernan may have meritorious defenses in this action. Heffernan asserts that she posted Liotta's photographs because she thought they were "cool" and without knowledge that Liotta had not authorized such use. Heffernan Decl. ¶ 8. "A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense." TCI Grp. Life Ins. Plan v. Knoebber, 244 F.3d 691, 700 (9th Cir. 2001). At this stage, the Court does not determine the ultimate merits of the defense; rather, the Court merely determines whether a potential defense exists. Yagman v. Galipo, 2013 WL 1287409 at *12 (C.D. Cal. Mar. 25, 2013). Plaintiffs allege that Heffernan violated, inter alia, California's statutory right of publicity, Cal. Civil Code § 3344, by posting photographs of Liotta on her Facebook page in connection with Nerium products. However, section 3344 only applies where a person "knowingly uses" the likeness of another without their consent. Cal. Civil Code § 3344(a). Because Heffernan asserts that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:14-cv-01632-CAS(AJWx) | Date | August 11, 2014 |
|---|---|---|---|
| Title | RAY LIOTTA ET AL. V. NERIUM INTERNATIONAL LLC ET AL. | | |

she acted without the requisite knowledge, the Court finds that Heffernan may have a meritorious defense in this action.[1]

Lastly, the Court cannot discern any reason why vacating the default would prejudice plaintiff. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case. Rather, 'the standard is whether [plaintiff's] ability to pursue his claim will be hindered.'" TCI Group Life Ins. Plan, 244 F.3d at 701 (quoting Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984)) (alteration in original). In particular, plaintiff is not prejudiced simply because he is deprived of a "quick victory" and must litigate his claims on the merits. Bateman v. United States Postal Service, 231 F.3d 1220, 1225 (9th Cir. 2000). Because nothing suggests that plaintiffs' pursuit of this action will be hindered should the Court set aside the default, the Court finds that the default against Heffernan should be set aside.

    **B.**     **Ancillary Relief**

In their opposition, plaintiffs requested that the Court reject Heffernan's Proposed Answer as frivolous, or, in the alternative, strike her affirmative defenses as lacking sufficient factual support. The Court finds this request is more properly presented in a Motion to Strike the Answer and DECLINES to strike the Proposed Answer in its entirety or in part.

Plaintiffs have further requested that, as a condition for setting aside the default, the Court order Heffernan to pay plaintiffs' attorneys' fees incurred to obtain the default and to oppose the instant motion. Such conditions are intended to serve as a sanction to rectify "any prejudice suffered by the non-defaulting party as a result of the default and the subsequent reopening of the litigation." Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec, 854 F.2d 1538, 1546 (9th Cir. 1988) (approving imposition of monetary conditions where defendants, including a lawyer, had previously declined to respond to an arbitration notice). As discussed above, Heffernan did not act culpably and her failure to respond has not prejudiced plaintiffs. Consequently, the Court DECLINES to impose monetary conditions on Heffernan.

---

[1] Heffernan's Proposed Answer sets forth a total of twenty-five separate affirmative defenses.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     **'O'**

| Case No. | 2:14-cv-01632-CAS(AJWx) | Date | August 11, 2014 |
|---|---|---|---|
| Title | RAY LIOTTA ET AL. V. NERIUM INTERNATIONAL LLC ET AL. | | |

### III.    CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS Heffernan's motion to set aside the default. Heffernan shall file a responsive pleading to plaintiffs' complaint on or before August 25, 2014.

IT IS SO ORDERED.

|  |  | 00 | : | 01 |
|---|---|---|---|---|
|  | Initials of Preparer |  | CMJ |  |